# Shellenberger *v.* Altoona & Philipsburg Connecting Railroad Company, Appellant.

*Railroads—Sale—Mortgage—Notice—Discretion of court.*

The appellate court will not review the discretion of the lower court in confirming a sale under a railroad company's mortgage, where the evidence is inadequate to sustain the objections that sufficient time was not given to pay the debt, that the advertisement was insufficient, and that the price was inadequate.

Argued April 22, 1907.   Appeals, Nos. 240 and 297, Jan. T., 1906, by defendants, from decree of C. P. Clearfield Co., Sept. T., 1903, No. 5, on bill in equity in case of W. L. Shellenberger et al. v. Altoona & Philipsburg Connecting Railroad Company et al.   Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity to foreclose a railroad mortgage.
The opinion of the Supreme Court states the case.

*Error assigned* was decree confirming sale.

*Harry Boulton*, of *Gordon & Boulton*, and *Thomas Greevy*, with them *S. V. Wilson*, for appellants.

*D. L. Krebs*, with him *W. S. Hammond, J. B. McEnally* and *A. L. Cole*, for appellee.

PER CURIAM, May 6, 1907:

These appeals may be considered together. They are from decrees made in a proceeding by bill to foreclose a mortgage given by a railroad company to secure an issue of bonds. The appeal from the first decree is on the ground that sufficient time was not allowed the defendant to make payment. The order to pay was made on March 3, 1906, and the defendants were given fifty-seven days within which to pay and the time was afterwards extended to a period of nearly six months. The objections to the confirmation of the sale presented by the second appeal are that the advertisement was insufficient and that the price was inadequate. Neither objection was sustained by proofs that should have moved the court to set aside the sale. The sale was made in accordance with the terms of the mortgage and of it all parties in interest had due notice. The offer to increase the bid ten per cent., even if it had been made by responsible parties, would not have been entitled to serious consideration, as the increased amount would not have equaled the debt for which the property was sold and there was no other property of the railroad company from the sale of which the bondholders could have realized anything. Nothing short of a clear abuse of discretion as to these matters would be ground for a reversal of the decrees. As to all of them the discretion of the court was properly exercised.

The decrees are affirmed at the cost of the appellants.